IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION 11-0092-WS-M |
| JOHNNIE MCKINLEY, et al., ) ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the third motion of interpleader defendants Juanita Sanders and Johnnie McKinley, Jr. ("the Movants") for default judgment against defendant Johnnie McKinley, Sr. ("Senior"). (Doc. 47). The Movants filed a cross-claim against Senior asking the Court to find that they, rather than Senior, are the rightful beneficiaries of the decedent's life insurance policy, the proceeds of which rest in the registry of the Court. (Doc. 27).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, ... the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 at 14 (3rd ed. 1998).[1] The Movants have submitted proof

---

[1] This is as true of a cross-claim as it is of a complaint. *E.g., First Tuskegee Bank v. Milner*, 2011 WL 1642371 at *4 (M.D. Ala. 2011). It is also true even though Senior was
(Continued)

[1]

that Senior was personally served with the cross-claim, (Doc. 47, Exhibit 1), satisfying this requirement.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The plaintiff has interpleaded the death benefits from a life insurance policy ("the Policy") covering the life of Shirley McKinley. (Docs. 1, 33). The cross-claim alleges that Senior was named as the primary beneficiary of the Policy and that the Movants were named as the contingent beneficiaries, to split the proceeds evenly. The cross-claim also alleges that Senior murdered Shirley and that, pursuant to Alabama law, this act disqualifies him as a beneficiary under the Policy, making the benefits payable to the Movants. (Doc. 27). These well-pleaded allegations actually state a cause of action and reflect a substantive, sufficient basis for the relief sought.[2]

---

properly served with the interpleader complaint yet never responded to it. Fed. R. Civ. P. 5(a)(2) ("[A] pleading that asserts a new claim against such a party [one who is in default for failing to appear] must be served on that party under Rule 4."); *accord Waters v. Farmers Texas County Mutual Insurance Co.*, 9 F.3d 397, 399 (5th Cir. 1993).

[2] Although unnecessary in a default judgment context, the evidence establishes that Senior did in fact plead guilty to the murder of Shirley. (Doc. 47, Exhibit 2).

[2]

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action, Fed. R. Civ. P. 55(b)(2), nor against active service members. 50 U.S.C. app. § 521. The Movants have established that Senior falls within none of these categories. (Doc. 47 at 2).

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The cross-claim seeks a determination that Senior is barred from recovery of the Policy proceeds and that the proceeds be distributed equally between the Movants. (Doc. 27 at 6). This is the same relief sought by the present motion.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007).[3] The amount at issue herein is the amount of Policy proceeds interpleaded by the plaintiff, viz., $53,616.44. (Docs. 1, 33).

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Such is the situation here, and no hearing will be held.

---

[3] S*ee also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

The Movants seek entry of judgment under Rule 54(b). (Doc. 47 at 1, 3). Because this order resolves all the claims remaining in the lawsuit, no special findings under Rule 54(b) are needed to render the Court's ruling a final judgment.

For the reasons set forth above, the Movants' third motion for default judgment is **granted**. Judgment shall be entered accordingly by separate order.[4]

DONE and ORDERED this 29th day of November, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Subject to the automatic stay imposed by Rule 62(a), the Movants may apply to the Clerk for distribution of the funds held in the registry of the Court. They are responsible for providing the Clerk in writing, prior to disbursement, their social security numbers so that the depositary institution can produce 1099 forms. They are also responsible for providing the Clerk the name(s) and address(es) of the payee(s). The Movants are advised that the Clerk will retain 10% of any interest that has accrued since the funds were deposited on August 16, 2011, in accordance with governing law.